## Case No. 1,501.

### BLAKE v. ROBERTSON et al.

#### [6 O. G. 297.]

Circuit Court, E. D. New York. July 8, 1874.[1]

CIRCUIT COURTS—FOLLOWING PRECEDENT OF OTHER CIRCUIT—PRESUMPTION — PATENTS — OPERATION — INFRINGEMENT — MECHANICAL EQUIVALENTS.

1. No circuit court is bound to follow the decisions of the courts of other circuits. Nevertheless, where a patent has been sustained in the circuit courts of four different circuits, and no appeal from the decision has been taken in

---

[1] [Affirmed by the supreme court in Robertson v. Blake, 94 U. S. 728.]

either case, a strong presumption arises that the parties were satisfied with the soundness of the decisions; and it is incumbent on the parties who seeks to bring another court to a different conclusion to point out indisputable grounds for it.

[Cited in Worswick Manuf'g Co. v. City of Kansas, 38 Fed. 241.]

[See Rumford Chemical Works v. Hecker, Case No. 12,133; American Middlings Purifier Co. v. Christian, Id. 307; Hammerschlag v. Garrett, 9 Fed. 43; Edgarton v. Furst & Bradley Manuf'g Co., Id. 450; Worden v. Searls, 21 Fed. 406.]

2. The machine embraced in James Hamilton's patent of January 3, 1854, operates in a method substantially different from that of the machine described in E. W. Blake's patent of June 15, 1858, and constitutes no objection to its validity.

[See note at end of case.]

3. A stone-breaking machine in which the movable jaw is actuated by an hydraulic press operating through a piston-rod, is an infringement of a patent for a similar machine in which the movable jaw is actuated by a pair of toggle-levers, operated by a lever and crank-rod; although in the former a safety-valve, is provided for relieving the pressure when such resistance is encountered as to endanger the breaking of the mechanism.

[See note at end of case.]

[In equity. Bill by Eli W. Blake against John Robertson and others to enjoin infringement of patent. Decree for complainant.]

H. T. Blake, for complainant.
B. E. Valentine, for defendants.

BENEDICT, District Judge. The decision of this case must depend upon the determinations of two questions. One is whether the patent issued to Eli W. Blake, for an improvement in a stone-breaker, dated 15th June, 1858, is void for want of novelty, because of the prior invention described in letters patent issued to James Hamilton on the 3d of January, 1854, for improvements in machinery for crushing and grinding quartz and other hard substances. The other question is whether the machine described in the specification of letters patent issued to Austin H. Smith, No. 120,784, dated November 7, 1871, for improvement in stone-crushing apparatus, is an infringement upon the Blake machine above mentioned.

The first of these questions has been heretofore determined in favor of the Blake patent by Judge Shipman, by Mr. Justice Nelson, by Judge Drummond, and by Judge Shepley, in other actions which have come before these judges; and as it does not appear that the supreme court has been called upon to reverse any of those decisions, it would seem a fair inference that those decisions are acquiesced in as correct by the parties to those actions. It is nevertheless true that those decisions do not bind this court, and the parties to this action have the right to a determination of the question by this court in this action. It is, however, incumbent on the party asking this court to differ upon such a subject from the learned judges above mentioned, to point out indis-

putable ground upon which such difference may be based. The argument presented to me based upon the Hamilton machine, although not without force, does not appear to me to justify a different conclusion from that arrived at by the other judges who have determined the same question in other cases. It may be that, with the light derived from the operation of the Blake machine, the idea embodied in that invention can now be in some sort carved out of the Hamilton machine; nevertheless, I have been unable to come to the conclusion that the patent of Blake should be declared void, as being in principle identical with the Hamilton machine; on the contrary, I incline to the opinion that the Hamilton machine was devised and constructed to operate according to a method substantially different from that found in Blake's machine. It would be a waste of time to spread on paper the grounds of my opinion, in the presence of the opinions of so many other judges learned in this branch of the law.

The remaining question is that of infringement. The difference between the defendants' machine and that invented by Blake is that in the defendants' machine a column of water is used as the medium of communicating motion from the revolving shaft to the movable jaw. To this a safety-valve is attached, and so weighted that, in the event of a substance of unusual hardness dropping between the jaws, water will escape through the valve, and breakage of the machine thus be avoided. By the introduction of water as an element of their combination, the defendants claim to have invented a new combination different from Blake's. They insist that, used with water as described by the defendant, the function of the revolving shaft in their machine is different from the function of the revolving shaft in the Blake combination, because, in the Blake machine, the revolving shaft necessarily defines and limits the movements of the jaw, while in the defendants' machine the revolving shaft simply imparts power without limiting or defining the movements of the jaw. The defendants' machine, therefore, they insist, presents the feature of irregularity of movement in the jaw, both in range and limit, accomplished by the use of hydraulic power. But this theory is not supported by the facts. I do not discover any irregularity of movement in the jaw of the defendants' machine produced by the use of a column of water instead of an iron rod. The revolving shaft in the defendants' machine, by the aid of the plunger and the column of water, imparts a motion to the jaw which is as certainly defined and limited by the action of the revolving shaft as it is in the Blake machine, and it is a movement not irregular, but regular. Both machines present the same definite vibrating movement produced by substantially the same combination. It is true the use of a column of water in place of a rod of iron may have

some advantage, and that a safety-valve attached may enable the machine to stop its motion in a certain contingency, and so avoid breaking; but stopping the movements of the jaw is not giving to it an irregular movement. The character of the movement imparted to the jaw is the same in both machines.

But the defendants say that water is not mechanism, and that water, as used in defendants' machine, is not a mechanical equivalent for the iron rod in Blake's machine. If this be so, then the defendants' machine without the safety-valve attached would be a different machine from Blake's. And yet, as the defendants seem to concede, a column of water closely confined without a safety-valve substituted in place of an iron rod for the purpose of communicating power, would act in the same way, produce the same definite limited motion, and accomplish the same result, as does the iron bar which in Blake's machine transmits the power from the revolving shaft to the movable jaw. It seems clear, therefore, that water so used is a mechanical equivalent. And it is none the less so when a safety-valve is attached, which will in a certain contingency release the water from its confinement and thereby stop the machine. Such a machine may be an improvement on the Blake machine, but my judgment is that it contains the idea which Blake conceived and secured, and is an infringement upon his patent.

The plaintiff is entitled to a decree in his favor and for an injunction. He cannot recover damages for he has proved no license fee.[2] The profit realized on the machines he sold does not fix the amount of damages here sued for, for those machines contained other patents than the one sued on, and the profits so realized may also, for anything that appears, embrace a manufacturer's profit.

Furthermore, there is no proof that the complainant stamped his machines with the word "Patent," or that he gave such notice as is required by section 38 of the patent act of July 8, 1870 [16 Stat. 203].

[NOTE. Mr Justice Swayne, in delivering the opinion of the supreme court affirming this decision, after stating that the Hamilton invention had been practically abandoned, but two of the machines ever having been made, further said, on the question of infringement:

["There are numerous points of similarity, and indeed of identity, in the respondent's machine. * * * The only point of diversity is that the vibratory movement in the Blake machine is limited and unvarying, while in the machine of appellants it is not of this invariable character. * * * What is employed in appellants' machine is the obvious and exact equivalent of what is so dispensed with in the Blake machine.

["Where an original machine and an improvement on it are both patented, neither patentee can use what does not belong to him without

---

[2] The parties to this cause stipulated that the amount of plaintiff's recovery should be determined by the court from the evidence in the case at the final hearing.

the requisite authority from the owner. The appellants having embodied all the ideas of Blake's invention in their machine, the valve which supplemented it, whether good or bad, is outside of the case, and cannot affect the result. The infringement is clearly made out." Robertson v. Blake, 94 U. S. 728.

[For other cases involving this patent, see note to Blake v. Robertson, Case No. 1,500.]